IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BILLY G. ASEMANI, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SECRETARY OF THE DEPARTMENT | : | |
| OF HOMELAND SECURITY, | : | NO. 11-cv-7448 |
| Defendant. | : | |

MEMORANDUM ORDER

AND NOW, this 21st day of March, 2012, upon consideration of (1) the Government's Motion to Dismiss (Doc. No. 10) and (2) Plaintiff Billy Asemani's Motion for Voluntary Dismissal (Doc. No. 11), it is hereby ORDERED that the Government's Motion to Dismiss (Doc. No. 10) is GRANTED and Asemani's Complaint is DISMISSED.  Asemani's Motion for Voluntary Dismissal (Doc. No. 11) is therefore DENIED AS MOOT, and we will treat Asemani's motion as a response to the Government's.  The Clerk of Court is directed to close this matter for statistical purposes.

Plaintiff Billy G. Asemani, an inmate currently incarcerated in Maryland for attempted murder, is no stranger to our courts.[1]  Here, proceeding *pro se* and *in forma pauperis*, Asemani

---

[1] A review of court dockets nationwide shows that Asemani has filed approximately eighty (80) civil lawsuits in federal district courts and participated in approximately fifty (50) matters before the federal courts of appeals.  Further, the United States Supreme Court recently took the extraordinary step of restricting Asemani's access to the Court for repeatedly abusing its process.  Asemani v. Chronister, 130 S. Ct. 3479, 3479 (2010) ("As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1.").

1

has sued the Secretary of the Department of Homeland Security ("DHS").  Asemani's Complaint alleges that DHS's refusal to recognize Asemani as a U.S. national, even though a federal court previously declared that he has "demonstrated his permanent allegiance to the United States sufficient to constitute him a 'national' within the meaning of" the Foreign Sovereign Immunities Act ("FSIA"), see Asemani v. Islamic Republic of Iran, 266 F. Supp. 2d 24, 26-27 (D.D.C. 2003), violates his constitutional rights because the state correctional institution to which he is confined will not lower his security level / status as long as Asemani is subject to an "immigration detainer."  (See Doc. No. 5).  In essence, Asemani claims that his immigration detainer violates his Equal Protection rights because "[n]o other similarly situated U.S. national has an immigration detainer on!"  (Doc. No. 5, at 8).

The Government has moved to dismiss Asemani's Complaint on several grounds, including pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue under 28 U.S.C. § 1391(b).[2]  (See Doc. No. 10).  In particular, since Asemani is challenging the conditions of his confinement in state custody in Maryland, the Government argues that venue lies in Maryland, not here in the Eastern District of Pennsylvania.  (Doc. No. 10, at 7-8).  Asemani concurs with the Government's reasoning and likewise asks us to dismiss his Complaint under

---

[2] Asemani brought this action "pursuant to Title 42 U.S.C. § 1983 and / or Bivens."  (Doc. No. 5, at 1).  As the Government correctly recognized, 28 U.S.C. § 1391(b), not § 1391(e), governs venue in Bivens cases.  See Micklus v. Carlson, 632 F.2d 227, 240-41 (3d Cir. 1980) (recognizing that under Stafford v. Briggs, 444 U.S. 527 (1980), the "venue provisions of 28 U.S.C. s 1391(e) do not apply to actions for money damages brought against federal officials in their individual capacities"); Cameron v. Thornburgh, 983 F.2d 253, 256-57 (D.C. Cir. 1993) (similarly recognizing that "§ 1391(e) applies only to suits against government officers in their official capacities, not to Bivens actions").  However, even if Asemani had sued the Secretary of Homeland Security in his official capacity and § 1391(e) applied, venue would not be proper here.  Neither Asemani nor the Secretary resides in this District, and the events giving rise to Asemani's claim occurred in Maryland.

Rule 12(b)(3).  (See Doc. No. 11).  We, too, find that venue is improper here and grant the Government's unopposed motion to dismiss accordingly.

In the Third Circuit, a defendant bears the burden of showing improper venue in connection with a motion to dismiss.  Myers v. Am. Dental Ass'n, 695 F.2d 716, 724-25 (3d Cir. 1982).  The Government has easily met its burden here.  Under § 1391(b), "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

In this case, as noted *supra*, Asemani concedes that venue is improper here.  (See Doc. No. 11, at 2-3).  The Secretary of Homeland Security, the sole defendant in this matter, does not reside in the Eastern District of Pennsylvania, and the events giving rise to Asemani's claim took place in Maryland, his place of confinement.  Therefore, Asemani cannot challenge his immigration detainer in this Court.  See Adeyeye v. Dep't of Homeland Sec., No. 05-1335, 2008 WL 4911866, at *1 (D.N.J. Nov. 12, 2008) (concluding that incarcerated alien's attack on immigration detainer must be brought in place of confinement).

Furthermore, dismissal, not transfer, is warranted in this case.  Under 28 U.S.C. §§ 1406(a) and 1631, we may transfer an improperly filed lawsuit to an appropriate court if doing so serves the interests of justice.  Plainly, we would do no justice by transferring this matter.  First, Asemani himself has asked for dismissal, not transfer.  (Doc. No. 11).  Second, we see little merit to Asemani's claim.  Asemani's Equal Protection argument rests on the premise that no similarly

3

situated U.S. national is subject to an immigration detainer.  But that premise is faulty because Asemani, a non-naturalized Iranian native, does not appear to be a U.S. national for immigration purposes under either the law of this circuit or that of the Fourth Circuit, which encompasses Maryland.  See Salim v. Ashcroft, 350 F.3d 307, 308-10 (3d Cir. 2003) (holding that one acquires nationality only through birth or naturalization, and "nothing less than citizenship will show 'permanent allegiance to the United States.'"); Asemani v. Mukasey, No. RWT-08-347, 2008 WL 6581129, at *1 (D. Md. Mar. 11, 2008) (citing Fernandez v. Keisler, 502 F.3d 337, 351 (4th Cir. 2007), for the proposition that one "may only acquire U.S. nationality by birth or completing the naturalization process," which Asemani did not).  Because Asemani's Equal Protection claim lacks merit, we will not transfer this matter to Maryland and "burden a sister court with such a fatally flawed case."  Fadayiro v. Ashcroft, No. 05CV034KKC, 2005 WL 1364560, at *3 (E.D. Ky. June 8, 2005).

    In sum, we grant the Government's motion to dismiss (Doc. No. 10) under Rule 12(b)(3) for improper venue and deny Asemani's motion to dismiss (Doc. No. 11) as moot.  As such, we need not reach the Government's additional arguments that this action names the wrong defendant, is premature, and fails to state a claim under Rule 12(b)(6).  The Clerk of Court is directed to close this matter for statistical purposes.

    BY THE COURT:

    /s/ Legrome D. Davis

    Legrome D. Davis, J.